```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RICHARD PESSERILLO,

                        Plaintiff,

        -against-

NATIONAL GRID,

                        Defendant.
----------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ JAN 08 2015 ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 14-3800

(Wexler, J.)

APPEARANCES:

    PAUL L. DASHEFSKY
    BY:   Paul L. Dashefsky, Esq.
    Attorney for Plaintiff
    317 Middle Country Road
    Smithtown, New York 11787

    McCARTER & ENGLISH, LLP
    BY:   Patrick M. Collins, Esq.
           M. Christopher Moon, Esq.
    Attorneys for Defendants
    245 Park Avenue, 27th Floor
    New York, New York 10167

WEXLER, District Judge:

Before the Court is Defendant's motion to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. Plaintiff opposes the motion. For the following reasons, Defendant's motion is denied.

## BACKGROUND

The Defendant, National Grid, is a private utility company that provides electrical power to customers on Long Island. (Compl. ¶ 5.) The Plaintiff, Richard Pesserillo, was hired by National Grid's predecessor, the Long Island Lighting Company ("LILCO"), on February 7, 1977 as a Grade I Mailboy. (Compl. ¶ 7.) Throughout the years, Plaintiff was promoted to various positions within both LILCO and National Grid, ultimately reaching the position of Emergency Service Specialist in 2011. (Compl. ¶¶ 8-10.) As an Emergency Service Specialist, Plaintiff's duties included repairing and maintaining high voltage power lines on Long Island. (Compl. ¶ 10.)

On or about March 12, 2013, Plaintiff was involved in a vehicular accident at work. (Compl. ¶ 11.) On or about that same day, Plaintiff underwent a sleep study examination to evaluate a possible restless leg syndrome. (Compl. ¶ 12.) As a result of the sleep study, Plaintiff was unexpectedly diagnosed with severe obstructive sleep apnea with hypoxic reaction. (Compl. ¶ 12.) This medical condition was diagnosed as the critical factor in causing the March 12, 2013 vehicular accident. (Compl. ¶ 12.)

Approximately two months after Plaintiff's vehicular accident, on or about May 6, 2013, National Grid suspended Plaintiff pending an investigation into the accident. (Compl. ¶ 13.) At this point in time, Plaintiff's sleep apnea was under control and treatment. (Compl. ¶ 13.)

Thereafter, on or about May 10, 2013, Plaintiff provided National Grid with additional medical documentation demonstrating that his sleep apnea significantly contributed to the March 12, 2013 vehicular accident. (Compl. ¶ 14.) Plaintiff also provided National Grid with signed authorization forms for the release of his medical records. (Compl. ¶ 14.)

On or about May 30, 2013, National Grid charged Plaintiff with "falsification of records" on the grounds that he failed to indicate on his medical forms that he suffered from a sleep disorder. (Compl. ¶ 15.) However, such medical forms were completed prior to Plaintiff's diagnosis with sleep apnea. (Compl. ¶ 15.)

Plaintiff alleges that on or about May 31, 2013, National Grid constructively discharged him from his employment by forcing him to retire under the threat that if he did not do so, he would be fired and lose certain retirement benefits. (Compl. ¶ 16.) Plaintiff further alleges that at the time he retired, he was under extraordinary duress, suffered from severe clinical depression and was suicidal, eventually requiring medical treatment and hospitalization. (Compl. ¶ 16.) Finally, Plaintiff alleges that other National Grid employees who have been involved in vehicular accidents have not been forced to resign or been discharged. (Compl. ¶ 17.)

Prior to bringing this action, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and, on March 28, 2014, received a right to sue letter from the EEOC. Plaintiff thereafter commenced the within action on June 18, 2014, alleging disability discrimination pursuant to both the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. ("ADA") and the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"). National Grid now moves to dismiss for failure to state a claim on the grounds that when Plaintiff retired, he knowingly and voluntarily entered into an Agreement and General Release with his union and National Grid, by which he released all claims arising from his employment with National Grid, including disability discrimination.

## DISCUSSION

I.   Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint. See Iqbal, 556 U.S. at 678; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 556 U.S. at 678-79 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 556 U.S. at 678 (quoting Twombly, 555 U.S. at 557).


II.   Materials the Court May Consider on a Motion to Dismiss

Defendant bases its motion to dismiss on an Agreement and General Release (the "Agreement") dated May 31, 2013, that Plaintiff entered into with the Defendant and his union,

-4-

Local 1049, International Brotherhood of Electrical Workers (the "Union"), and by which Plaintiff released all claims arising from his employment with National Grid, including discrimination claims. Defendant attaches the Agreement to the Affirmation of its counsel, Patrick Collins, filed in connection with the instant motion. (Collins Aff., Ex. B.) Defendant contends that this Agreement bars Plaintiff from bringing the within action.

In his Memorandum of Law in opposition to the Defendant's Motion to Dismiss, Plaintiff argues that the Court should not consider the Agreement because it is beyond the purview of the Complaint and, therefore, not permissible to consider on a motion to dismiss. (Pl. Mem. of Law 6.) According to Plaintiff, the validity of the Agreement is "hotly contested" and National Grid's motion based upon the Agreement is premature. (Pl. Mem. of Law 7.)

"A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)). A document is considered "integral" to the complaint where the complaint "relies heavily upon its terms and effect." Chambers, 282 F.3d at 153 (quoting Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)). "[M]ere notice or possession [of a document] is not enough." Chambers, 282 F.3d at 153 (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991)). Rather, a plaintiff must have "had knowledge" of the document and "reli[ed] on the terms and effects" of it in drafting his complaint in order for the Court to consider it on a motion to dismiss. Chambers, 282 F.3d at 153.

The Agreement submitted by Defendant herein meets the foregoing standard. In

connection with his separation from employment with Defendant, Plaintiff executed the Agreement at issue. Plaintiff does not deny that he executed this Agreement. Yet, despite his clear knowledge of the existence of the Agreement, Plaintiff fails to make any mention of it in his Complaint and, for that reason alone, asserts that the Court should not consider it.

The Court disagrees. "Plaintiff['s] failure to include matters of which as [] pleader[] [he] had notice and which were integral to [his] claim - and that [he] apparently most wanted to avoid - may not serve as a means of forestalling the district court's decision on [a 12(b)(6)] motion." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (quoting Cortec, 949 F.2d at 44). Given Plaintiff's knowledge of the Agreement and his deliberate decision to omit any reference to it from his Complaint, the Court deems the Agreement incorporated into the Complaint by reference, particularly since it is "integral to [plaintiff's] ability to pursue" his cause of action. Sira, 380 F.3d at 67.

III. The Validity of the Agreement

Employees "may validly waive a claim of discrimination so long as the waiver is made knowingly and willfully." Bormann v. AT&T Commc'ns, Inc., 875 F.2d 399, 402 (2d Cir. 1989) (internal quotation marks omitted). Whether such a waiver is knowing and voluntary depends upon the "totality of the circumstances," id. at 403, by which the Court considers the following factors:

> (1) the plaintiff's education and business experience; (2) the amount of time the plaintiff had possession of or access to the agreement before signing it; (3) the role of the plaintiff in deciding the terms of the agreement; (4) the clarity of the agreement; (5) whether the plaintiff was represented by or consulted with an attorney; (6)

> whether the consideration given in exchange for the waiver exceeds any benefits to which the employee was already entitled by contract or law; (7) whether an employer encouraged or discouraged the employee to consult with an attorney; and (8) whether the employee had a fair opportunity to consult with an attorney.

Laramee v. The Jewish Guild for the Blind, 72 F. Supp. 2d 357, 360 (S.D.N.Y. 1990) (citing Bormann, 875 F.2d at 403). "Not every factor must be present for a waiver to be enforceable." Matusovsky v. Merrill Lynch, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002) (citing Livingston v. Bev-Pack, Inc., 112 F. Supp. 2d 242, 247 (S.D.N.Y. 2000)).

At this point in the litigation, it is not possible for the Court to determine whether Plaintiff's waiver of his discrimination claims was done knowingly and willfully. The consideration of the foregoing factors involves a fact-intensive inquiry that cannot be undertaken at this juncture simply by virtue of the fact that Plaintiff has not pleaded any facts pertaining to the execution of the Agreement in the Complaint. While the Court agrees with National Grid that the plain language of the Agreement unambiguously states that Plaintiff waives all claims arising out of his employment with National Grid, including those for discrimination, that is the only factor that clearly weighs in National Grid's favor. A consideration of the other seven factors in the totality of circumstances test requires the Court to interpret the facts surrounding the execution of the Agreement - facts which may only come from the Complaint and the Agreement at this point in the litigation. Since the Complaint is completely silent with respect to the Agreement and the Agreement itself does not provide any information pertaining to the negotiation of its terms, it is simply too premature at this point to determine whether Plaintiff's waiver of his discrimination claims was knowing and voluntary. Such a determination is better made on a motion for summary judgment after the completion of discovery, particularly in light

of Plaintiff's argument that his execution of the Agreement was procured through duress and coercion.[1]

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied.

**SO ORDERED:**

Dated: Central Islip, New York
       January 8, 2015

s/ Leonard D. Wexler
LEONARD D. WEXLER
United States District Judge

---

[1] The Court notes that just as Plaintiff does not plead any facts pertaining to the execution of the Agreement in his Complaint, he similarly does not plead any facts pertaining to his claims of duress and coercion. Such arguments are only contained in Plaintiff's memorandum of law in opposition to the motion to dismiss and an affidavit submitted by Plaintiff. "The Court cannot consider the admissions or statements in the parties' memorandum of law as factual allegations . . . ." Engler v. Cendant Corp., 434 F. Supp. 2d 119, 127 (E.D.N.Y. 2006).